McCORMICK HARVESTING MACHINE COMPANY v. JOHN MILLS.

FILED MARCH 5, 1902. No. 11,131.

Commissioner's opinion, Department No. 3.

1. **Penal Statute.** A penal statute should not be extended beyond the plain import of its terms.

2. ———. The penal provisions of section 15, chapter 32, Compiled Statutes, have no application to the instruments enumerated in section 26 of said chapter.

ERROR from the district court for Dawson county. Tried below before SULLIVAN, J. *Reversed.*

*E. A. Cook* and *O'Neill & Gilbert,* for plaintiff in error.

*N. R. Greenfield, contra.*

ALBERT, C.

This action was brought to recover the statutory penalty for failure to discharge a chattel mortgage of record, after

its conditions had been performed. The case was tried to the court without a jury. The court found for the plaintiff, and rendered judgment accordingly. The defendant brings the case here on error.

This action is based on section 15, chapter 32, Compiled Statutes, which, so far as is material at present, is as follows: "Such mortgage when satisfied shall be discharged by an entry by the mortgagee, his agent or assignee on the margin of such index, which shall be attested by the clerk without fee; *Provided, also,* That the county clerk may discharge a mortgage on the presentation or receipt of an order in writing, signed by the mortgagee thereof and attested by a justice of the peace or some officer with a seal. Any mortgagee, assignee, or their legal personal representatives, after full performance of the conditions of the mortgage, who for the space of ten (10) days after being requested shall refuse or neglect to discharge the same as provided in this section, shall be liable to the mortgagor, his heirs, or assigns in the sum of fifty ($50) dollars damages; and also for all actual damages sustained by the mortgagor, occasioned by such neglect or refusal, said damages to be recovered in the proper action." It will be observed that the section just quoted applies exclusively to chattel mortgages. In view of the assignment that the finding of the trial court is not sustained by sufficient evidence, and the questions discussed by counsel, we can not ignore one question, which we regard as decisive of the case, although not directly argued; and that is whether the instrument which it is alleged defendant failed to discharge of record, is a chattel mortgage, within the meaning of section 15 of the recording act. The instrument referred to is as follows:

"$35.00.                    LEXINGTON, NEB., Aug. 8, 1896.

"On or before the 1st day of November, 1897, for value received, I promise to pay to the McCormick Harvesting Machine Company, (a corporation organized and existing under the laws of the state of Illinois, and having its chief office and place of business in the city of Chicago, county

of Cook, state of Illinois,) or order, at 1st Nat. Bank, Lex., Nebraska, thirty-five dollars, with interest at seven per cent. per annum from date until due; ten per cent. per annum thereafter until paid. The express condition of the sale and purchase of the Big 4 mowing machine, for which this note is given is such that the title, ownership or possession does not pass from the McCormick Harvesting Machine Company until this note and interest is paid in full, and the said McCormick Harvesting Machine Company, have full power to declare this note due and take possession of the said machine, whenever they deem themselves insecure, even before the maturity of this note, and sell the same at public or private sale, without notice. The proceeds (after expenses and interest are paid), to be applied on the note, and any balance then unpaid shall, in consideration of the use and rent of said property, be a valid and subsisting claim against the vendee."

One characteristic of a chattel mortgage is that it is a transfer of personal property, or of some interest therein, by the mortgagor to the mortgagee as security. In *Bedford v. Van Cott,* 42 Nebr., 229, this court says: "The mortgagee under a chattel mortgage acquires not the legal title to the property, but merely a lien thereon, the legal title remaining in the mortgagor." The instrument under consideration is not a transfer of property, nor of any interest therein by the alleged mortgagor to the defendant; nor does it operate to create a mere lien in favor of the defendant, while the legal title remains in such mortgagor. When it was made, so far as the property therein described is concerned, the alleged mortgagor had no title or interest therein to transfer. It belonged to the defendant. It was transferred to the plaintiff, by the defendant conditionally. One of the conditions was that the title should remain in the vendor until the purchase price was fully paid. That being true, it would be absurd to say that, under the instrument in question, the defendant acquired a mere lien on the property, the legal title remaining in the alleged mort-

gagor, because, as the greater includes the less, the vendor, at the time having absolute title, acquired no title to the property by virtue of such instrument, and, as the vendee did not hold the legal title, which was expressly reserved by his vendor, the legal title could not remain in the alleged mortgagor.   The recording act itself clearly distinguishes between chattel mortgages and instruments of this character.   Section 14, chapter 32, Compiled Statutes, is as follows: "Every mortgage or conveyance intended to operate as a mortgage of goods and chattels hereafter made which shall not be accompanied by an immediate delivery and be followed by an actual and continued change of possession of the things mortgaged, shall be absolutely void as against the creditor of the mortgagor, and as against subsequent purchasers and mortgagees, in good faith, unless the mortgage, or a true copy thereof, shall be filed in the office of the county clerk of the county where the mortgagor executing the same resides, or in case he is a non-resident of the state, then in the office of the clerk of the county where the property mortgaged may be at the time of executing such mortgage, and such clerk shall indorse on such instrument or copy the time of receiving the same, and shall keep the same in his office for the inspection of all persons; and such mortgage or instrument may be so filed, although not acknowledged, and shall be valid, as if the same were fully spread at large upon the records of the county," etc.   Then follows the section providing a penalty hereinbefore set out. Then comes section 26, which is as follows: "That no sale, contract, or lease, wherein the transfer of title or ownership of personal property is made to depend upon any condition, shall be valid against any purchaser or judgment creditor of the vendee or lessee in actual possession, obtained in pursuance of such sale, contract, or lease without notice, unless the same be in writing, signed by the vendee or lessee, and a copy thereof filed in the office of the clerk of the county, within which such vendee or lessee resides; said copy shall have attached thereto an affidavit of such vendor or lessor, or his agent or attorney,

which shall set forth the names of the vendor and vendee
or lessor and lessee, or description of the property trans-
ferred and the full and true interest of the vendor or lessor
therein," etc. There is no question, we think, that, had a
contest arisen between the defendant and a creditor or sub-
sequent purchaser of the plaintiff in regard to the suffi-
ciency of the notice imparted by the record of the instru-
ment in question, their rights would have been measured,
not by the provisions of section 14, but those of section 26
of the recording act. Section 15 is penal in character, and
should not be extended beyond the plain import of its
terms. In our opinion, it has no application to instru-
ments which, like the one in question, are enumerated in
section 26. As the instrument in question is not a chattel
mortgage, this action is unfounded and must fail.

It is recommended that the judgment of the district
court be reversed and the cause remanded for further pro-
ceedings according to law.

DUFFIE and AMES, CC., concur.

By the Court: For the reasons stated in the foregoing
opinion, the judgment of the district court is reversed and
the cause remanded for further proceedings according to
law.

REVERSED AND REMANDED.